Jeffrey M. Proper
**JEFFREY M. PROPER, PLLC**
10645 N. Tatum Blvd., Suite 200-645
Phoenix, Arizona 85028
(602) 235-9555
Fax: (602) 235-9223
E-mail: jeff@jproper.com

**JEFFREY M. PROPER**
State Bar #003099
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ARROW ELECTRONICS, INC., a New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> AETEC INTERNATIONAL, INC., an Arizona corporation <br><br> Defendants. | CASE NO.: CV 08-712-PHX-ECV <br><br> **ANSWER** |

Defendant, AETEC INTERNATIONAL, INC., an Arizona corporation by and through its undersigned counsel for its Answer to Plaintiff's Complaint admits, denies and alleges as follows:

1. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 and is, therefore, unable to admit or deny same.

2. The allegations in Paragraph 2 are admitted.

3. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 and is, therefore, unable to admit or deny same.

4. The allegations in Paragraph 4 are admitted.

5. The allegations in Paragraph 5 are admitted.

6. The allegations in Paragraph 6 are admitted.

7. The allegations in Paragraph 7 are admitted.

8. The allegations in Paragraph 8 are admitted.

9. The allegations in Paragraph 9 are admitted.

10. The allegations in Paragraph 10 are admitted, but Defendant denies that it is obligated to pay to Plaintiff any attorney's fees.

11. Defendant admits that the invoices provide that the transaction will be governed according to the laws of the State of New York, but deny that said clause is, under the circumstances of this case, enforceable.

12. Defendant admits the allegations in Paragraph 12 and affirmatively allege that waiver of their right to a trial by jury is against the public policy of this State and is, therefore, unenforceable.

13. The allegations in Paragraph 13 are admitted as to the acceptance of the delivery of product ordered from and shipped by Arrow. The remaining allegations in Paragraph 13 are denied.

14. The allegations in Paragraph 14 are denied.

15. The allegations in Paragraph 15 are admitted.

16. The allegations in Paragraph 16 are admitted. Defendant, however, denies that it is obligated to Plaintiff in the sum set forth in Paragraph 14 of Plaintiff's Complaint.

17. Defendant admits that it has failed to pay certain of the invoices and that the same constitutes a breach of the Terms and Conditions of the various invoices, and denies that it is obligated to Plaintiff in the sum set forth in Paragraph 14.

18. The allegations in Paragraph 18 are denied.

**SECOND CAUSE OF ACTION**

19. The allegations in Paragraph 19 do not require an admission or denial.

20. Defendant incorporates by reference its admissions, denials and allegations set forth in its Answer to Paragraphs 1 through 19 as though fully set forth herein.

21. The allegations in Paragraph 21 are admitted.

22. The allegations in Paragraph 22 are admitted.

23. The allegations in Paragraph 23 are admitted, except that Defendant denies that it is obligated to Plaintiff in the sum set forth in Paragraph 14 of Plaintiff's Complaint.

24. The allegations in Paragraph 24 are admitted.

25. The allegations in Paragraph 25 are denied.

### THIRD CAUSE OF ACTION

26. Paragraph 26 does not require an admission or denial.

27. Defendant incorporates herein by reference its admissions, denials and allegations set forth in its Answer to Paragraphs 1 through 26 as though fully set forth herein.

28. The allegations in Paragraph 28 are admitted.

29. The allegations in Paragraph 29 are admitted, except that Defendant only admits the validity of the indebtedness as to the outstanding invoices, and denies that the amount is as set forth in Paragraph 14 of Plaintiff's Complaint. Defendant admits that it has failed to pay the balance of the account, that Arrow has made demand for the same. Defendant, however, affirmatively alleges that the amount demanded by Arrow is not as set forth in Paragraph 14 of Plaintiff's Complaint.

30. The allegations in Paragraph 30 are denied as to the amount claimed by Plaintiff.

31. The allegations in Paragraph 31 are denied.

### FOURTH CLAIM FOR RELIEF

32. Paragraph 32 does not require an admission or denial.

33. Defendant incorporates herein by reference its admissions, denials and allegations set forth in its Answer to Paragraphs 1 through 32 as though fully set forth herein.

34. The allegations in Paragraph 34 are admitted.

35. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation as to Arrow's reliance on Aetec's representation and actions, admits that Arrow delivered certain products and denies that the reasonable value of the products obtained from Arrow for which Arrow has not been paid is the amount set forth in Paragraph 35.

36. The allegations in Paragraph 36 are denied.

37. The allegations in Paragraph 37 are denied.

WHEREFORE, Defendant AETEC INTERNATIONAL, INC., an Arizona Corporation having fully answered Plaintiff's Complaint, prays as follows:

1. That Complaint be dismissed, or in the alternative, that Defendant have judgment only for the amount actually due and owing from Defendant to Plaintiff.

2. For Defendant's cost and attorney's fees incurred herein.

3. For such other and further relief as the Court deems just.

DATED this 6th day of May, 2008

**JEFFREY M. PROPER, PLLC**

By */s/ Jeffrey M. Proper*
JEFFREY M. PROPER
10645 North Tatum Blvd., Suite 200-652
Phoenix, Arizona 85028
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and mailed a copy to Plaintiff's counsel Ezra T. Clark, III, 63 East Main Street, Suite 501, Mesa, Arizona 85201.

S/Jeffrey M. Proper, Attorney